# In the United States District Court for the Southern District of Georgia Statesboro Division

JERRY SCOTT HEIDLER,

     Petitioner,

v.

WARDEN, GEORGIA DIAGNOSTIC PRISON,

     Respondent.

CV 611-109

## ORDER

On April 30, 2024, one of Petitioner's attorneys, Anna Arceneaux, filed a Motion for *Nunc Pro Tunc* Appointment of Counsel. Dkt. No. 174. However, Ms. Arceneaux was already added to Petitioner's legal team when her motion to replace attorney Cory Isaacson, dkt. no. 158, was granted last year on October 23, 2023, dkt. no. 161.

Ms. Arceneaux works with the Georgia Resource Center ("GRC"), as do Petitioner's other counsel of record, Marcia Widder, and Akiva Freidlin. Cory Isaacson, who Ms. Arceneaux replaced, also worked with GRC. "GRC is a small 501(c)(3), non-profit law office that provides free legal services in state and federal post-conviction proceedings to a large portion of Georgia's death row inmates." Dkt. No. 115 at 1.

In her motion, Ms. Arceneaux requests that the Court revisit its October 23, 2023 Order to make her appointment effective some three years prior—back to November 2020—so that GRC "may seek compensation for her work and the work of former GRC attorney Cory Isaacson on this case in the Eleventh Circuit Court of Appeals."  Dkt. No. 174 at 1; see also id. at 3 (seeking reimbursement for GRC's work on this case in the U.S. Supreme Court).

There is some precedent in this case of the Court going back in time so as to enable an attorney to bill for work performed prior to appointment.  On November 3, 2020, the Court granted Ms. Isaacson's motion for appointment of counsel *nunc pro tunc* to February 7, 2019, the date the Court granted Ms. Isaacson's motion for leave to appear *pro hac vice*.  Dkt. Nos. 117, 153.  In the motion, Ms. Isaacson represented that her work on this case had previously been billed to the court as "associate counsel time under lead counsel Marcia Widder's voucher," and that "[a]ppointing Ms. Isaacson will allow [GRC] to be compensated for Ms. Isaacson's work on Mr. Heidler's case since that date."  Dkt. No. 152 at 1.

The Court turns to Ms. Arceneaux's motion for *nunc pro tunc* appointment.  She represents that she joined GRC in August 2019 and "began working on Mr. Heidler's case in a limited supervisory capacity at that time."  Dkt. No. 174.  After Ms.

Isaacson's departure in August 2022, "Ms. Arceneaux began working more closely on the case." Id. As stated above, Ms. Arceneaux replaced Ms. Isaacson as appointed counsel on October 23, 2023. Dkt. No. 161. This was Ms. Arceneaux's first appearance in this case. Then, "[o]n April 29, 2024, Ms. Arceneaux submitted her CJA voucher to the Eleventh Circuit Court of Appeals for her work and Ms. Isaacson's work in that Court and in the United States Supreme Court. The Court of Appeals notified GRC on April 30, 2024, that it was unable to process the entire voucher because Ms. Arceneaux was not formally appointed to represent Mr. Heidler until October 23, 2023." Dkt. No. 174 at 3 (emphasis added).

Ms. Arceneaux's motion for nunc pro tunc appointment is different than Ms. Isaacson's motion in significant ways. First, Ms. Isaacson represented that she sought nunc pro tunc appointment in order to be reimbursed for her own work performed in this case. Here, Ms. Arceneaux represents that she seeks nunc pro tunc appointment in order to seek compensation for not only her work, but also Ms. Isaacson's work. Dkt. No. 174 at 1. Second, Ms. Isaacson sought nunc pro tunc appointment to the date she appeared in the case. Here, Ms. Arceneaux seeks nunc pro tunc appointment to November 3, 2020, nearly three years before she appeared in this case by moving to replace Ms. Isaacson as counsel on October 19, 2023.

The Court is unaware of any law giving it authority to appoint counsel *nunc pro tunc* for the length of time Ms. Arceneaux requests, particularly for the partial purpose of requesting compensation for another attorney's work. The Court is puzzled as to why an attorney, apparently, performed work over a number of years in a case without disclosing the representation. Accordingly, Ms. Arceneaux is **ORDERED** to provide the Court with such authority within **fifteen (15) days** of the date of this Order.

SO ORDERED, this ___2___ day of May, 2024.

HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA